Commonwealth *v.* Doria, Appellant.

Argued June 20, 1960. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ.

*Sara Duffy,* for appellant.

*Domenick Vitullo,* Assistant District Attorney, with him *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 16, 1960:

Anthony N. Doria was tried in the Court of Quarter Sessions of Philadelphia County before Judge CHUDOFF, sitting without a jury, on charges of false pretense and fraudulent conversion. He was convicted on both counts. The court below refused the defendant's motions for arrest of judgment and for a new trial. He was sentenced on the false pretense charge to pay a fine of $150 and costs but on failure to make the required payment on or before August 6, 1960, to undergo imprisonment in the Philadelphia County prison for a term of not less than two months nor more than twenty-three months. A similar sentence was imposed for fraudulent conversion. His appeal to this Court followed.

He contends first, the judgment should be arrested and he should be discharged as the evidence was insufficient to sustain the convictions; and second, that trial errors entitled him to a new trial.

In considering the motion in arrest of judgment, the court must ignore the evidence of the defendant and his witnesses which the judge, sitting as a jury, had the privilege of rejecting and must accept as correct all the evidence which supports the verdict and must draw from the evidence such reasonable inferences as will support the verdict. *Com. v. Wright,* 383 Pa. 532, 119 A. 2d 492 (1956) ; *Com. v. Ornato,* 191 Pa. Superior Ct. 581, 159 A. 2d 223 (1960).

Doria was convicted of violation of Section 836, the Act of June 24, 1939, P. L. 872, as amended, 18 PS §4836, which provides as follows: "Whoever, by any false pretense, obtains the signature of any person to

any written instrument, or obtains from any other person any chattel, money, or valuable security, with intent to cheat and defraud any person of the same, or being an officer, manager, agent, employe of or in any way interested in any person, by false pretense, knowingly and with intent to defraud, procures, obtains, or aids, assists, or abets in obtaining from any other person, any chattels, moneys, or valuable securities for such person of which he is an officer, manager, agent, employe or in which he is in any way interested, is guilty of a felony, . . ."

To bring any case within the provisions of the above section there must be found to co-exist three separate elements: A false pretense, as a false assertion of existing fact; (2) obtaining property or something of value thereby; (3) an intent to defraud. *Com. v. Hancock*, 177 Pa. Superior Ct. 585, 112 A. 2d 407 (1955).

There was evidence to support a finding that Doria was guilty of cheating by false pretense. Doria on August 3, 1958, went to Mr. Yassky's place of business and represented to him that he had purchased a property for One Hundred Ten Thousand ($110,000) Dollars and had resold it for One Hundred Twenty-five Thousand ($125,000) Dollars. However, Doria did not specify any particular property because, as stated to Mr. Yassky, he wanted it to be kept a secret until it was closed. However, Mr. Doria stated that in order to complete the purchase of the property he was short Five Thousand ($5,000) Dollars and in turn offered Mr. Yassky a partnership in the venture should he supply the funds. Mr. Yassky refused but agreed to give Doria Five Thousand ($5,000) Dollars in return for which Doria would pay him the five thousand plus an additional $500 within thirty days.

On July 5th, Mr. Yassky did give to Mr. Doria the sum of $5000 in return for which Doria gave him a

note for $5500, payable within thirty days. During the ensuing thirty-day period Mr. Yassky continued to question Doria about the transaction and Doria on or about July 15, 1958, to allay any suspicions of Mr. Yassky, represented to him that he had purchased a property at 1900 Spruce Street, known as the "Little Hospital". At the end of the thirty-day period Mr. Doria was unable to repay the $5500, maintaining that the deal had not been closed yet because the purchasers had not been able to secure a sufficient mortgage to complete the transaction. However, that if Mr. Yassky would wait an additional thirty days, he would pay him an additional $500. Yassky again agreed. As the second extension of time grew to a close Doria finally admitted to Yassky that the entire story was a sham and that he had used the $5000 to complete the repurchase of a second mortgage on a property Doria owned in Chicago, Illinois, and that the money could not be paid on time. Under an agreement entered into between Yassky and Doria however, the money was subsequently repaid by Doria.

It is apparent that all three necessary elements are here existent. The false pretense, in that Doria represented that he had purchased a property and resold it, which led Yassky to part with something of value, or $5000, and the intent to defraud, in that Doria misapplied and intended to misapply the funds secured to the detriment of Yassky.

The second charge was that of fraudulent conversion under Section 834 of the Act of June 24, 1939, P. L. 872, 18 PS §4834, wherein it provides: "Whoever, having received or having possession, in any capacity or by any means or manner, of any money or property, of any kind whatsoever, of or belonging to any other person, or which any other person is entitled to receive and have, fraudulently withholds, converts, or applies

the same, or any part thereof, or the proceeds or any part of the proceeds, derived from the sale or other disposition thereof, to and for his own use and benefit, or to and for the use and benefit of any other person, is guilty of a felony, . . . ."

As was stated in the case of *Com. v. Stone,* 187 Pa. Superior Ct. 225, 144 A. 2d 614 (1958), the gist of the offense of fraudulent conversion is the withholding of another's property with the intent to defraud or deprive that other person of the use and benefit of his property and to convert or apply the same to defendant's own use or benefit as against the owner.

It is eminently clear that these requirements are found in the evidence given in this case. Doria secured possession of the $5000 and did intend and in fact did deprive Yassky of his property and did apply the same to his own use or benefit as against the interests of Yassky.

The alleged trial errors concerning the dates of the transaction are without merit. There was ample evidence to support a finding that the money was given to Doria by Yassky in July, 1958 and counsel for defendant stipulated the date of the agreement for payment should be October, 1958. The Commonwealth is not bound, in cases where time is not of the essence of the offense, by the dates set forth in the bill of indictment. It can show any date within the statutory period. *Com. v. Heintz,* 182 Pa. Superior Ct. 331, 126 A. 2d 498 (1956).

Equally without merit is the contention that it was error to exclude evidence of conduct by Yassky subsequent to the alleged fraud. This prosecution was not brought to redress a private grievance. What transpired between Yassky and Doria subsequent to the completion of the crimes herein charged is not relevant to the matter, and the facts concerning the continued

questioning of Doria by Yassky, and the misrepresentation by Doria, are contained in the testimony we are bound to accept as stated hereinabove.

The record clearly warrants the verdict of guilty and the judgment of sentence is affirmed, and it is ordered that appellant appear in the court below, at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.