## Commonwealth *v.* Koritan, Appellant.

Argued June 20, 1960.  Before RHODES, P. J., GUN-
THER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONT-
GOMERY, JJ.

*Leonard B. Gordon,* for appellant.

*Augustine J. Rieffel,* Assistant District Attorney, with him *Domenick Vitullo,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *Victor H. Blanc,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 16, 1960:

This is an appeal from the judgment of sentence of the Court of Quarter Sessions of Philadelphia County against the defendant-appellant, Gilbert D. Koritan, on a conviction of the charge of false pretense.

Anthony J. Hettel, an eighty-six year old man, retained the appellant, a licensed real estate broker, to sell a lot for him. He sold the lot, received a two hundred dollar commission, and the proceeds of the sale, in the form of a check payable to Hettel, his principal, in the amount of $7035.33. The check was endorsed over to the appellant by Hettel, as a loan, upon the representation by the appellant that he was the owner of several parcels of real estate which would secure the loan upon the entry of a judgment note. He drove Hettel out to the sites and showed him through the properties he claimed he owned. The appellant prepared and filed a judgment note payable one day after date, with interest at six per cent. Hettel testified that the appellant told him it would be repaid in a few days.

The testimony of the appellant was to the effect that Hettel wanted to invest the money; that he offered to borrow it from him for a two-hundred dollar service charge and six per cent interest; that he intended to use the money to operate a day camp and would pay him back thirty days after the camp opened.

At the time of the transaction he did not own the properties which he showed Hettel so that the note in

fact was unsecured. It developed that one property was owned by himself and his wife and the other by his father. He denies that he told Hettel that he was the owner of his father's property, although he admits he showed him through this property.

The case was tried before Judge WEINROTT of the court below, without a jury, and he was adjudicated guilty of the crime of false pretense and sentenced to a term of not less than 3 months nor more than 23 months in the county prison. Although no formal motions were filed in arrest of judgment or for a new trial, the record shows the following colloquy between counsel and the court: "Mr. Gordon: I ask that your Honor defer sentence until I have an opportunity to file a motion. The Court: I will hear your motion right now. Mr. Gordon: You should have sustained my demurrer to the evidence. The Court: Go ahead and argue about anything you want. (Mr. Gordon argues to the Court.) The Court: I will dismiss your motion. I am going to sentence him now."

To say the least, this is a rather casual and informal disposition of what must have been motions in arrest of judgment and for a new trial, as the court indicated that counsel should argue about "anything you want". Most certainly, under such circumstances, this Court will dismiss the Commonwealth's motion to quash the appeal because the appellant failed to file motions in arrest of judgment and for a new trial in the court below.

The court below was sitting as a jury and this Court in considering the sufficiency of the evidence to sustain the conviction must ignore the evidence of the appellant and his witnesses, and must accept as correct all the evidence which supports the verdict and must draw from the evidence such reasonable inferences as will support the verdict. *Com. v. Ornato*, 191 Pa. Superior Ct. 581, 159 A. 2d 223 (1960).

To bring this case within the provisions of §836, the Act of June 24, 1939, P. L. 872, as amended, 18 PS §4836, which sets forth the crime of false pretense, there must be found to co-exist three separate elements: (1) a false pretense, as a false assertion of existing fact; (2) obtaining property or something of value thereby; (3) an intent to defraud. *Com. v. Hancock,* 177 Pa. Superior Ct. 585, 112 A. 2d 407 (1955) ; *Com. v. Doria,* 193 Pa. Superior Ct. 206, 163 A. 2d 918 (1960).

We agree, after a careful reading of this record, with the court below that the appellant, being a real estate broker dealing with an eighty-six year old principal, "well knew that the judgment note which he turned over to the aged man was of no real security contrary to his representations, and that there was no chance of his being in a position to repay the sum in a period of a few days as he had reassured this aged man . . . The evidence in this case demonstrates amply that defendant was guilty of the crime charged. He falsely represented that he alone held title to premises 6367 Germantown Avenue, Philadelphia, 5115 Wissahickon Avenue, Philadelphia, and several other properties. He obtained $7,035.33 from the prosecutor, a man 86 years of age, by reason of said representations and the further false representation that the loan which he was to make from the prosecutor would yield a high return in a few days and said loan would be adequately secured by the judgment note entered of record."

The appellant argues that his representation that he was the owner of the property held as a tenancy by the entirety, under the legal definition of such a tenancy, was not false. However, as a real estate broker, occupying a confidential relationship with his elderly principal, he was bound to disclose to him that although the tenancy was held per tout et non per my,

that his signature alone on the judgment note could not bind the husband and wife property as security for the loan. His representation, therefore, that he was the owner of the property offered as security for the loan was, in fact, false.

The judgment of sentence is affirmed, and it is ordered that the appellant appear in the court below, at such time as he may be there called, and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.