**UNITED STATES of America ex rel. William MILLER**

v.

**J. R. BRIERLEY, Superintendent.**

**Misc. No. 3576.**

United States District Court
E. D. Pennsylvania.

July 25, 1967.

William Miller, pro se.

Charles Haddad, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Relator's petition for habeas corpus presents this court with two general areas of inquiry: the sufficiency of the bills of indictment in apprising relator of the charges against him and sufficiency of the evidence to sustain the conviction upon these bills. The record of the relator's trial in the Quarter Sessions Court of Philadelphia County indicates that he is imprisoned as a result of conviction on fourteen bills of indictment arising from his activities in the home remodeling business. Three bills charged him with conspiracy to cheat and defraud, three were for fraudulent conversion, seven for obtaining money under false pretenses, and one alleged larceny by trick. Our review of the record convinces us that there is no merit to any of relator's claims and the relief sought will be denied.

The petition filed with this court challenges the bills of indictment on both the conspiracy and false pretense charges. The three conspiracy indictments (Nos. 685, 694, 706) were insufficient, relator claims, because they omitted any allegation that the victims were cheated of "moneys, goods, chattels or other property", the portion thus quoted being an extract from Pennsylvania's conspiracy statute.[1] He also questions the constitutionality of the false pretenses indictments (Nos. 686, 687, 688, 689, 695, 696, 697) because he feels that they charged only misrepresentations of opinion.

■ Generally, the sufficiency of a state indictment is not subject to federal habeas corpus attack. Knewel v. Egan, 268 U.S. 442, 45 S.Ct. 522, 69 L.Ed. 1036 (1925); United States ex rel. Realmuto v. Wallack, 254 F.Supp. 1006 (S.D.N.Y. 1966); Budd v. Rundle, 267 F.Supp. 49 (E.D.Pa. 1967). There are, however, two possible lines of argument which this state prisoner could make to a federal court while attacking the indictments under which he was convicted. These arguments do not challenge the sufficiency of the indictments as a matter of state law, rather they invoke questions of relator's federal constitutional rights.

■ First would be the argument that the indictment was not sufficient to apprise him of the nature of the accusation placed against him and therefore he was prejudiced in the preparation of a defense. We do not understand this to be relator's contention, but if it were we would have little difficulty in dismissing it. Clearly, the conspiracy indictments which relator challenges gave him fair and adequate notice of the charges preferred. The dates of the alleged acts, names of the victims, names of accomplices and nature of the offenses are shown in each instance.[2] There simply

---

1. *"Conspiracy to do unlawful act.* Any two or more persons who falsely and maliciously conspire and agree to cheat and defraud any person of his moneys, goods, chattels, or other property, or do any other dishonest, malicious or unlawful act to the prejudice of another, are guilty of conspiracy, a misdemeanor, and on conviction, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or to undergo imprisonment, by separate or solitary confinement at labor or by simple imprisonment, not exceeding two (2) years, or both." 18 P.S. § 4302.

2. For example, Bill No. 695 read in part: " * * * the Philadelphia County Grand Jury, by this indictment presents, that, on or about July 31, 1964, in Philadelphia County, William Miller and Albert Anderson unlawfully and feloniously did then and there falsely and designedly pretend and represent to one Anna Callin

could be no reasonable argument that relator was deceived by the indictments.

■ The second possibility is to view relator's claim as one involving the Fourteenth Amendment's guarantee of due process and equal protection under the law. By statute Pennsylvania provides that "(E)very indictment shall be deemed and adjudged sufficient and good in law which charges the crime substantially in the language of the act of the assembly prohibiting the crime, and prescribing the punishment, if any such there be * * *." 19 P.S. § 261. This statute, it will be noted, appears to have application only to those indictments which are phrased "substantially in the language of the act of the assembly prohibiting the crime" and says nothing about the effect to be given if the indictment employs some other phrasing. Even if this statute is to be deemed mandatory in effect, we certainly cannot say that the omission of the words quoted made the conspiracy indictment inadequate under Pennsylvania law. While there is authority implying that the omission of one or two of these words could make a difference, Commonwealth v. Bardolph, 123 Pa. Super. 34, 186 A. 421 (1936), we are neither the guarantor of consistency in state decisions nor the proper forum to argue a novel interpretation of a state statute. The state courts have found that these indictments were sufficient under state law and we can see no Fourteenth Amendment violation in their determination.

■ The attack on the indictments under which relator was convicted of obtaining money by false pretenses likewise is without merit. This crime consists of three distinct elements, one of which is the false assertion of an existing fact. Commonwealth v. Doria, 193 Pa.Super. 206, 163 A.2d 918. Whether relator's misrepresentations were ones of material fact or, as he argues, merely opinions has already been determined by the state courts. Suffice to say, each of the false pretenses indictments sets out with clarity and particularity the acts, dates, and names of people involved in the crime. The state court has already ruled that the indictment comports with state requirements and we see no constitutional issues in their determination.

■■ Relator's other claims go to the sufficiency of the evidence which was produced to convict him on all of the bills. Judge Greenberg's opinion denying relator a new trial goes through all of the evidence of relator's guilt under each charge. Our own review of the trial record fully supports that of Judge Greenberg. We might point out, however, the standard to sustain the sufficiency of evidence in a federal habeas corpus attack is considerably less stringent than the standard Judge Greenberg and the other appeal courts were faced with. Here the only question is whether there was "an entire lack of evidence to support a finding * * *.": United States ex rel. Rivers v. Myers, 301 F.2d 782, 783 (C.A. 3, 1962). There is ample evidence on each of the bills of indictment.

The writ prayed for is denied.

It is so ordered.

---

that necessary and valuable repair and renovation work had been done by them on her home located at 4516 Castor Avenue, Philadelphia, Pennsylvania, and that the amount of their demand for completion of said work was reasonable and equal to present fair market prices for similar work.

*Whereas,* in truth and in fact, as they the defendants then and there well knew, the repair and renovation work done by them * * * was not necessary and

valuable and that the amount of their demand for money for completion of said work was not reasonable and was not equal to present fair market prices for similar work: they, the said William Miller and Albert Anderson well knowing said pretense to be false, by means of which they did both obtain from said Anna Callin the sum of one thousand three-hundred fifty dollars ($1350.00) with intent to defraud the said Anna Callin * * *."