Commonwealth *v.* Williams, Appellant.

Submitted November 10, 1969.  Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Richard S. Bank,* for appellant.

*Leonard S. Goodman* and *James D. Crawford,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, March 20, 1970:

In 1965 appellant was indicted for murder, aggravated assault and battery, assault and battery with intent to murder, assault and battery with intent to kill, and carrying a concealed deadly weapon.  On August 29, 1966, he pleaded guilty to murder generally.  Following his degree of guilt hearing, he pleaded not guilty to the other charges and signed a waiver of his right to a jury trial.  He also agreed, through counsel, that the evidence presented at the degree of guilt hearing

would be received and considered as the evidence with respect to the other offenses. He was then found guilty of murder in the second degree, aggravated assault and battery, assault and battery with intent to kill, and carrying a concealed deadly weapon; he was found not guilty of assault and battery with intent to murder. Appellant was sentenced to six to twenty years for murder and one to three years for aggravated assault and battery, those sentences to run concurrently; one year probation for carrying a concealed deadly weapon; one to five years for assault and battery with intent to kill, that sentence to run consecutively. No appeal was taken.

In 1967 appellant filed a petition pursuant to the Post Conviction Hearing Act, alleging that his guilty plea was motivated by a coerced confession and that he was unconstitutionally denied his right to appeal. Counsel was appointed, a hearing was held, and relief was denied on both claims. Again he took no appeal. In October of 1968 appellant filed another PCHA petition. It was dismissed without hearing or appointment of counsel and this appeal followed. We affirm.

Appellant in the instant PCHA petition urged, before the hearing court, as ground for relief the failure of the grand jury to return a bill of indictment for second degree murder. Since this issue had not been raised by appellant in a previous counseled petition, counsel should have been appointed before the hearing court. *Commonwealth v. Minnick*, 436 Pa. 42, 44-45, 258 A. 2d 515, 516 (1969) ; Pa. R. Crim. P. 1504. Normally we would now remand to the hearing court for a determination, with counsel, of whether an evidentiary hearing, and/or other relief, should be granted. Appellant, however, represented by counsel on this appeal, does not raise the issue of his lack of counsel before the hearing court. Nor does he urge as ground for relief the grand jury's supposed failure to return a prop-

er bill. Rather, appellant now asserts that his plea of guilty to murder was involuntary because he was led to believe that the other charges would be dropped in return for the guilty plea. We shall, therefore, consider the merits of only this claim.*

Under Section 3(d) of the Post Conviction Hearing Act, relief may not be granted if the petitioner has waived his right to assert the error complained of. Under Section 4, an issue is presumed waived if it could have been raised in a prior counseled PCHA petition, but was not. See *Commonwealth v. Satchell*, 430 Pa. 443, 243 A. 2d 381 (1968). In the instant case petitioner had a hearing, with counsel, in 1967 at which time he alleged that his plea was involuntary because it was motivated by a coerced confession. He did not then raise the claim he asserts today. He does not now allege any "extraordinary circumstances," or changes in the law, which might rebut the presumption of waiver, nor does he now ask leave to amend his petition. See 19 P.S. §§1180-4, -7 (Supp. 1969). We must, therefore, hold that he is not entitled to an evidentiary hearing on this claim, or to any relief, because he has waived his right to litigate this claim. See *Commonwealth v. Johnson*, 431 Pa. 522, 246 A. 2d 345 (1968); 19 P.S. §1180-9 (Supp. 1969).

The order of the Court of Common Pleas, Trial Division, Criminal Section, of Philadelphia is affirmed.

---

* The Commonwealth urges that appellant cannot now raise this claim since it was not raised below. While this is certainly our normal rule, we cannot adhere to it where, as here, appellant was not represented by counsel below. Cf. *Commonwealth v. Mumford*, 430 Pa. 451, 243 A. 2d 440 (1968).