UNITED STATES of America ex rel.
Eugene H. WILLIAMS

v.

Alfred T. RUNDLE, Superintendent.

Civ. A. No. 70-994.

United States District Court,
E. D. Pennsylvania.

Nov. 18, 1970.

Eugene H. Williams, pro se.

Arlen Specter, Dist. Atty. Philadelphia County, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Relator, a State prisoner, presently confined at the State Correctional Institution at Graterford, Pennsylvania, raises three separate grounds in support of his present petition for a writ of habeas corpus. Initially, relator asserts that he was never indicted for the offense of second-degree murder to which he pleaded guilty. Secondly, he asserts that his guilty plea was unintelligent in that he mistakenly believed that in return for his guilty plea, the Commonwealth of Pennsylvania would abstain from prosecuting other related indictments. Thirdly, relator states that he was not given notice of the charges other than murder on which he was tried and convicted.

Briefly, relator was indicted by the Philadelphia Grand Jury in November Sessions 1965 for murder (No. 1249); assault and battery with intent to murder and aggravated assault and battery (No. 1250); attempt with intent to kill (No. 1251), and carrying a concealed deadly weapon (No. 1252). All of the above indictments related to the shooting of two persons, one of whom died two days after the shooting. On August 29, 1966, relator was brought to trial before the Honorable Leo Weinrott on the aforesaid charges. The Commonwealth initially proceeded to trial on the murder indictment alone to which relator pleaded guilty upon the advice of counsel on the understanding that the Commonwealth would certify the murder as rising not higher than second degree. It was so certified by the Commonwealth, evidence was presented and relator was found guilty of murder in the second degree. Following thereafter, the open indictments were presented and it was suggested by the Commonwealth that they be disposed of upon the evidence already received by the Court if relator agreed to waive a jury trial with respect to those indictments. With his own counsel's approval, the evidence previously adduced was considered as the record for the remaining indictments and the Court found relator guilty of aggravated assault and battery (No. 1250) and deferred adjudication on the other charges until September 9, 1966, when Judge Weinrott found relator guilty of attempt with intent to kill (No. 1251) and carrying a concealed deadly weapon. (No. 1252). Relator was sentenced to six to twenty years for murder, one to five years for attempt with intent to kill, to run consecutively, and one to three years for aggravated assault and battery, to run concurrently, and one year probation for carrying a concealed deadly weapon.

No appeal was taken although relator was represented by counsel. However, a collateral petition under the Pennsylvania Post Conviction Hearing Act was filed in 1967, which alleged different grounds than are presented here. This petition was dismissed on September 29, 1967. Again represented by counsel, relator did not appeal the order of dismissal. A second Post Conviction petition was filed on October 2, 1968, alleging as the sole ground for relief the inadequacy of the indictment upon which relator was convicted of second-degree murder. Judge Weinrott dismissed this petition without a hearing or appointing counsel

**414**

in an order dated January 9, 1969. Aided by counsel Richard S. Bank, Esquire, relator appealed this denial of his petition to the Pennsylvania Supreme Court, the sole allegation on appeal being that relator's guilty plea was predicated upon the misapprehension that other charges would be dropped in exchange for the plea. The Pennsylvania Supreme Court unanimously affirmed on the basis that by failing to raise the claim asserted on appeal in his counselled Post Conviction petition, relator waived the issue as provided by Section 4 of the Post Conviction Hearing Act. Commonwealth v. Williams, 437 Pa. 526, 263 A.2d 127 (1970).

▇ As to the relator's first contention, it is clear that a claim that the indictment is irregular or is at variance with the proof offered at trial is not reviewable by way of habeas corpus as it does not raise a constitutional issue. United States ex rel. Berkery v. Rundle, 390 F.2d 599 (3rd Cir. 1968); United States ex rel. Miller v. Brierley, 271 F. Supp. 526, 527 (E.D.Pa.1967); United States ex rel. Good v. Rundle, 271 F. Supp. 948 (E.D.Pa.1967). Similarly, an allegation that an indictment is inadequate as a matter of State constitutional law does not constitute a ground for habeas corpus relief. United States ex rel. Good v. Rundle, *supra*, at 949. Additionally, it is well settled that a plea of guilty operates as a waiver of all non-jurisdictional defects in the proceedings: McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); United States v. Ptomey, 366 F.2d 759 (3rd Cir. 1966). Finally, relator cannot reasonably contend that the alleged defect in the indictment deprived him of notice of the charge of murder. The indictment itself bore the heading "Charge: Murder".

As to relator's plea of guilty, before the trial court accepted said plea, the Assistant District Attorney carefully examined relator concerning the voluntariness and intelligence of the plea. In the course of such examination, relator testified on the record that he had not been promised anything in return for pleading guilty by either the Court, his own attorneys or the Assistant District Attorney. (N.T. Trial 3–6) Counsel for relator, Mr. Meade, stated for the record that relator wished to plead guilty upon the Commonwealth's certification that the murder did not rise above second degree. (N.T. Trial 6) Relator confirmed the accuracy of this by testifying at a Post Conviction hearing that he pleaded guilty to murder generally in the hope of avoiding a conviction for first-degree murder (N.T. P.C.H.A. 12, 14). At no point in the hearing did relator ever suggest that an unkept promise relative to the dismissal of the other charges prompted him to enter a guilty plea.

▇▇ It is apparent from the record that relator pleaded guilty with the understanding that the Commonwealth would certify that the case did not rise above second-degree murder. The expectation of reduced punishment constitutes a legitimate motive for pleading guilty and does not invalidate the plea. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). There is ample support in the record that relator's plea was intelligently made sufficient to warrant our dismissing the present petition. Townsend v. Sain, 372 U.S. 293, 313, 318, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963).

▇ Relator's contention that he was never apprised of the fact that he would be tried upon the other charges arising from the same incident as the murder is totally without merit. This contention is negatived by the trial record which indicates that counsel for relator not only anticipated presentation of the open indictments, but also was agreeable to having them disposed of on the evidence previously adduced and in the record.[1]

Based on the foregoing, relator's petition for a writ of habeas corpus will be denied.

---

1. Indeed, when the matter was proposed, Mr. Meade, relator's counsel, commented, "I think it would be not only proper but beneficial to the defendant, and in the interests of justice, your Honor". (N.T. Trial 111)