Commonwealth *v.* Smith, Appellant.

Submitted September 17, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James J. Phelan, Jr.,* for appellant.

No appearance entered nor brief submitted for Commonwealth, appellee.

OPINION BY JACOBS, J., November 14, 1974:

The sole issue raised in this appeal is whether the court below acted properly in dismissing without a hearing appellant's petition under the Post Conviction

Hearing Act[1] without appointing counsel to represent him in the proceeding. We hold that it did not.

Pa. R. Crim. P. 1503(a) states that "when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him." In his petition the appellant represents that his only financial resources are his prison wages, that he has less than $30.00 in his prison account; and he requests the court to appoint an attorney to represent him.

Without reaching the merits of the petition and without reaching the question of whether the appellant should be granted an evidentiary hearing, we reverse the order of the court below and remand the record with instructions to appoint counsel to represent the appellant in a post-conviction proceeding at which the appellant's eligibility for an evidentiary hearing and/or other relief may be determined. *Commonwealth v. Williams*, 437 Pa. 526, 263 A.2d 127 (1970); *Commonwealth v. Hoffman*, 426 Pa. 226, 232 A.2d 623 (1967).

Order reversed with a procedendo.

---

[1] Act of Jan. 25, 1966, P. L. (1965) 1580, §§1 *et seq.*, 19 P.S. §§1180-1 *et seq.* (Supp. 1974-75).