Commonwealth *v.* Doria, Appellant.

Argued September 13, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Norris E. Gelman,* for appellant.

*Michael F. Henry,* Assistant District Attorney, with him *James A. Shellenberger* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., February 27, 1975:

We are here presented with the issue of appellant's eligibility under the Post Conviction Hearing Act[1] for relief from a conviction of cheating by fraudulent pretenses and fraudulent conversion on May 5, 1960. He was sentenced to a fine of $150.00 on each bill. This conviction was affirmed by this Court. *Commonwealth v. Doria,* 193 Pa. Superior Ct. 206, 163 A. 2d 918 (1960). Allocatur was refused by the Supreme Court of Pennsylvania.

No further action was taken by appellant until May 30, 1974, when this PCHA petition was filed alleging that the conviction was based solely on perjured evidence; that appellant was denied his right to remain silent at trial; that appellant was denied his right to representation by effective counsel; and that the trial judge was improperly prejudicial. The Commonwealth by its answer denied all allegations but agreed that appellant's allegations, if proven, warranted relief.

The lower court on June 28, 1974, dismissed the petition without hearing and in support thereof relied upon *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A. 2d 465 (1971), to hold that appellant's claims are presently

---

1. Act of January 25, 1966, P.L. (1965) 1580, §1 *et seq.* (19 P.S. § 1180-1).

moot. With this conclusion, we agree and therefore will affirm.

The appellant complied with the sentence of the lower court some fourteen years ago and the lower court notes in its opinion that he had never been arrested prior to that conviction or subsequent thereto and that he has never been involved in trouble with the law at any other time in his lifetime.

The Post Conviction Hearing Act provides in its pertinent provisions:

> "To be eligible for relief under this act, a person must initiate a proceeding by filing a petition under section 5 and must prove the following:
>
> . . .
>
> (b) That he is incarcerated in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or on parole or probation." Act of Jan. 25, 1966, P.L. (1965) 1580, §3 (19 P.S. §1180-3).

Clearly, this appellant does not come within the purview of those entitled to relief except for the possibility that the rule known as the "collateral criminal consequences" rule expands appellant's eligibility for relief.

This rule was first announced in *Commonwealth ex rel. Ulmer v. Rundle*, 421 Pa. 40, 218 A. 2d 233 (1966), and further defined in *Commonwealth v. Sheehan, supra*. The Pennsylvania Supreme Court, in *Sheehan* held:

> ". . . The doctrine of mootness was there held [referring to the *Ulmer Case*] not to apply where one could suffer the consequence of having sentences begin and end later than they normally would, had the sentencing court been aware that a previously imposed, but unexpired, sentence was invalid. Although the Superior Court would limit *Ulmer* to its specific factual setting, i.e., where petitioner is serving a sentence illegally lengthened by and immediately following (thus with no hiatus) an invalid sentence, we think the decision is properly read as allowing an

attack on a satisfied sentence which is shown *to affect directly* any subsequent criminal prosecution or conviction.

Although the present case does not involve a recidivist statute, the announced policy of the Court of Common Pleas of Lancaster County is the equivalent. It is *clear* that should appellant be found guilty of the charge *presently* pending against him in that county, he will be classed as a second offender and will suffer a harsher penalty, including imprisonment, than would be imposed absent the prior (allegedly invalid) drunken driving conviction. Such a result presents the possible collateral criminal consequences which preclude application of the general rule of mootness to the collateral attack on appellant's initial conviction." [Footnotes omitted] [Emphasis added] 446 Pa. at 42-43, 285 A. 2d at 468-69.

Under the circumstances here presented, appellant's satisfied sentence does not affect directly any subsequent criminal prosecution or conviction. We recognize the very able arguments of appellant and his counsel, but *Sheehan* does not, and should not, be extended to speculative subsequent criminal *or civil* consequences and should be limited to *direct criminal consequences.* We are aware of some United States Supreme Court cases that, by dicta, have discussed the possibility of either civil or criminal collateral consequences foreclosing application of the mootness doctrine,[2] but to this date such a holding has not been made. And to our view, such an extension should not be made.

The order of the lower court is affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

The sole issue presented is whether appellant is eligi-

---

2. *Street v. New York*, 394 U.S. 576 (1969); *Sibron v. New York*, 392 U. S. 40 (1968); *Carafas v. LaVallee*, 391 U.S. 234 (1968).

ble for relief under the Post Conviction Hearing Act.[1]

On May 5, 1960, appellant was convicted of false pretenses and fraudulent conversion by the Honorable Earl CHUDOFF sitting without a jury. Appellant was sentenced to pay a fine of $150 on each count, which appellant subsequently paid. On May 30, 1974, appellant filed a Post Conviction Hearing Act petition challenging that conviction, alleging *inter alia* that his conviction was based on perjured testimony. In its Answer to appellant's petition, the Commonwealth stated: "Petitioner's allegation that his conviction was [based on] perjured testimony would certainly entitle him to relief if proven. Commonwealth has conducted its own investigation into this allegation," which revealed that the sole prosecution witness at appellant's trial had recanted on two occasions. The Commonwealth demanded strict proof of the allegation and requested that the court hold an evidentiary hearing. On June 28, 1974, the Honorable Ethan Allen DOTY denied appellant a hearing on the petition on the grounds of mootness. This appeal followed.

To be eligible for relief under the Act, the petitioner must prove that he has been convicted of a crime and that he is incarcerated in the Commonwealth of Pennsylvania under a sentence of death or imprisonment, or on parole or probation. 19 P.S. §1180-3. Appellant does not meet these criteria. In *Commonwealth v. Sheehan,* 446 Pa. 35, 285 A. 2d 465 (1971), however, our Supreme Court held that a petition under the Post Conviction Hearing Act can be treated as one for a writ of coram nobis. Coram nobis has been defined as follows: "It was then and now a common law writ, the purpose of which was to correct a judgment in the same court in which it was rendered on the ground of error of fact in

---

1. Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. §1180-1 et seq.

cases where the statute provided no other remedy and where the facts did not appear of record or were unknown to the court when judgment was pronounced and which, if known, would have prevented the judgment and which were unknown and could not have been known to the party by the exercise of reasonable diligence in time to have been otherwise presented to the court, unless he was prevented from so presenting them by duress, fear or other sufficient cause." Diggins, *Coram Nobis in Pennsylvania,* 33 Temp. L.Q. 1, 3 (1959). Section 2 of the Post Conviction Hearing Act provides: "This Act establishes a post-conviction procedure for providing relief from convictions obtained and sentences imposed without due process of law. The procedure hereby established shall encompass all common law and statutory procedures for the same purpose that exist when the statute takes effect, including habeas corpus and coram nobis . . . ." Under the holding of *Sheehan,* therefore, the fact that one is not incarcerated, on parole or on probation, does not necessarily preclude a collateral attack on a conviction.

Traditionally, the writ of coram nobis has been limited in scope. *Commonwealth v. Harris,* 351 Pa. 325, 41 A. 2d 688 (1945). Thus, allegations of after-discovered evidence or recantation of testimony have been held insufficient to permit the review of a prior judgment via a writ of coram nobis. In *Sheehan,* however, collateral attack in the form of coram nobis was allowed on an allegation of the denial of right to counsel. Under the traditional definition, coram nobis would not have been available. Furthermore, the court in *Sheehan* noted that "situations have arisen where the writ was granted." 446 Pa. at 40. For example, in *Commonwealth v. Kurus,* 371 Pa. 633, 92 A. 2d 196 (1952), the Court stated: "It is open to serious doubt whether a writ of coram nobis properly lies in circumstances such as the petitioner

avers. The situations in which such a writ is the appropriate legal instrument for the relief sought are extremely limited . . . . As a corollary, writs of coram nobis have been rarely applied for in this State and, still more rarely, have they been granted . . . . There is nothing in the petitioner's case that was not a matter of record or known to him at the time judgment of sentence was imposed . . . . However, we do not predicate anything on the possible inapplicability of the procedure now resorted to by the petitioner. If his case were meritorious, we would readily fit the proper remedy to the facts." 371 Pa. at 634-635 (citations omitted). Appellant's allegation in the instant case would clearly entitle him to relief under the Post Conviction Hearing Act had he not satisfied his sentence. Further, the allegation meets the criteria set forth in *Commonwealth v. Mosteller*, 446 Pa. 83, 284 A. 2d 786 (1971), for relief on the basis of after-discovered evidence.[2] As was done in *Commonwealth v. Kurus,* supra, available procedural channels should be employed where the circumstances require that relief be granted.

In view of the fact that appellant has already satisfied his sentence, however, it becomes necessary to determine whether the mootness doctrine should be applied. In *Commonwealth v. Sheehan,* supra, the Pennsylvania Supreme Court discussed the "collateral criminal consequences" rule announced in *Commonwealth ex rel. Ulmer v. Rundle,* 421 Pa. 40, 218 A. 2d 233 (1966). Under this rule, an attack on a satisfied sentence will be

---

2. The requirements for relief on the basis of after-discovered evidence are that the evidence in question (1) has been discovered after trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely for impeaching credibility of a witness; and (4) is of such nature and character that a different verdict will likely result if a new trial is granted.

allowed where the allegedly invalid sentence "is shown to affect directly any subsequent criminal prosecution or conviction." *Commonwealth v. Sheehan,* supra, at 42. For example, the appellant in *Sheehan* pleaded guilty to driving under the influence of intoxicating liquor in 1963 and paid a $200 fine. In 1968, appellant was indicted for the same crime. Prior to trial, Judge JOHNSTONE informed appellant by letter that the policy of the Lancaster County Court was to impose a sentence of three months in prison plus a $200 fine on all second offenders charged with driving under the influence of intoxicating liquor. Immediately thereafter, appellant filed a Post Conviction Hearing Act petition, asserting that his 1963 conviction was invalid because he had been unconstitutionally denied his right to counsel. The Supreme Court held the mootness doctrine inapplicable: "It is clear that should appellant be found guilty of the charge presently pending against him . . . he . . . will suffer a harsher penalty, including imprisonment, than would be imposed absent the prior (allegedly invalid) drunken driving conviction. Such a result presents the possible collateral criminal consequences which preclude application of the general rule of mootness to the collateral attack on appellant's initial conviction." 446 Pa. at 42-43 (footnote omitted).

Admittedly, the facts of the instant case do not present any "collateral criminal consequences." Appellant was never arrested either prior or subsequent to the arrest in 1960 which resulted in his conviction. The Court in *Sheehan* did not have to determine whether the mootness doctrine should be applied in this situation since collateral criminal consequences were found to be present. *Sheehan,* however, indicated in a footnote that recent United States Supreme Court cases "seem to stand for the proposition that the possibility of either civil or criminal collateral consequences forecloses application of

the mootness doctrine." 446 Pa. at 43, fn. 9.[3] Clearly, many disabilities and burdens will flow from a conviction, such as loss of employment, loss of the right to hold office, loss of the right to obtain government positions, etc.[4] Appellant certainly has a substantial stake in his conviction which survives the satisfaction of judgment. See, e.g., *Carafas v. LaVallee,* 391 U.S. 234 (1968).

In the present case, not only the appellant's contention, but the Commonwealth's own investigation has revealed that appellant's claim has substantial merit. Therefore, the courts should act by whatever procedural channels are available. *Sheehan,* supra, citing *United States v. Morgan,* 346 U.S. 502 (1954) and *Commonwealth .v. Kurus,* supra.[5] The mootness doctrine should not be employed to deprive this appellant of the right to challenge his conviction.

The Order of the lower court should be reversed and the case remanded for an evidentiary hearing.

CERCONE and SPAETH, JJ., join in this dissenting opinion.

---

3. In *North Carolina v. Rice,* 404 U.S. 244, 247 (1971), the Court stated: "A number of disabilities may attach to a convicted defendant even after he has left prison, and the Court has recognized the standing of such persons to challenge the legality of their convictions even when their sentences have been served." (footnotes omitted).

4. In the instant case, appellant was forced to resign his position as Dean of the Vermont Law School. Furthermore, various applications that appellant will fill out in the future will contain a record of his conviction; appellant will face an increased sentence should he ever be convicted of another crime; and appellant will be subject to impeachment should he ever testify at a trial. The loss of a position and the consequent difficulty in obtaining employment of a similar stature are certainly serious consequences.

5. The possibility of appellant obtaining an executive pardon or some other form of relief does not preclude collateral attack.