402 A.2d 1070

**COMMONWEALTH of Pennsylvania**

v.

**John H. MITCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 29, 1978.

Decided May 11, 1979.

46

John H. Mitchell, in pro. per.

Joan D. Lasensky, Assistant District Attorney, for Commonwealth, appellee.

PRICE, Judge:

Appellant was convicted on September 20, 1972, and judgment of sentence imposed of seven and one-half (7½) to fifteen (15) years imprisonment. His direct appeal was dismissed as untimely filed.

On November 9, 1973, appellant filed his first petition initiated under the Post Conviction Hearing Act[1] requesting permission to file a direct appeal *nunc pro tunc*. The court below, after finding appellant's appeal rights had been abridged by the untimely direct appeal, on February 20, 1974, granted the petition, and again a direct appeal was filed. We affirmed appellant's judgment of sentence in *Commonwealth v. Mitchell*, 231 Pa.Super. 738, 326 A.2d 887

1. The Act of January 25, 1966, P.L. (1965) 1580, § 1, 19 P.S. § 1180–1, *et seq.* (Supp. 1978–79).

(1974). No petition for allowance of appeal was filed with the supreme court.

On October 31, 1975, appellant filed his second petition, this time in the form of a writ of habeas corpus, but in fact a petition seeking PCHA relief. This petition was denied on December 11, 1975, without a hearing or the appointment of counsel. No appeal was taken.

On December 18, 1975, appellant filed a PCHA petition, his third petition, and on March 8, 1976, another PCHA petition, his fourth petition. Both of these petitions were dismissed, again without a hearing or the appointment of counsel. No appeal was taken.

Appellant filed his fifth petition, again a PCHA petition, on August 24, 1976, and on December 2, 1976, the court below ordered a hearing and appointed counsel. The hearing, held on February 11, 1977, resulted in a modification of appellant's sentence. No appeal was taken.

On April 14, 1977, appellant filed his sixth petition, also a PCHA petition, *pro se*, which was dismissed without appointment of counsel or hearing. The court below held that all of appellant's claims had been finally litigated or waived. This dismissal order was entered June 3, 1977, and it is from that order that this appeal has been filed.

We agree with the court below and affirm. The issues appellant now seeks to raise are waived. The Post Conviction Hearing Act specifically provides that an issue is waived if the petitioner knowingly and understandingly failed to raise it, and it could have been raised in a prior proceeding actually initiated under the Act.[2] Certainly, if not waived previously, the issues involved herein are waived by failure to raise them in the fourth PCHA[3] petition filed by appellant on August 24, 1976, where counsel was appointed and a hearing held. *Commonwealth v. Williams*, 437 Pa. 526, 263 A.2d 127 (1970). As in *Williams*, this appellant had a hearing with counsel present, did not raise the claim he

2.   19 P.S. § 1180–4(b)(1).

3.   Appellant's fifth petition.

asserts today, and does not allege any extraordinary circumstances or changes in the law. He is therefore not entitled to relief because he has waived his right to litigate this claim.

The order of the court below is affirmed.

SPAETH, J., files a dissenting opinion.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

SPAETH, Judge, dissenting:

On April 14, 1977, appellant filed *pro se* a petition for relief under the Post Conviction Hearing Act. *See* 19 P.S. §§ 1180–1 *et seq.* (Supp. 1978–79). On June 3, 1977, the lower court dismissed the petition without appointing counsel to represent appellant. The court reasoned that the appointment of counsel and a hearing on the petition were unnecessary because all appellant's claims had been finally litigated or waived. From this dismissal, appellant has appealed *pro se.*

Appellant was convicted on September 20, 1972, and was sentenced to a term of 7½ to 15 years imprisonment. A direct appeal was filed, but it was untimely and was dismissed. On November 9, 1973, appellant filed a PCHA petition requesting permission to file a direct appeal *nunc pro tunc.* On February 20, 1974, permission was granted, and in *Commonwealth v. Mitchell,* 231 Pa.Super. 738, 326 A.2d 887 (1974), we affirmed appellant's judgment of sentence. No petition for allowance of appeal was filed with the Supreme Court. On October 31, 1975, appellant filed *pro se* a petition for writ of habeas corpus. On December 11, 1975, the lower court denied the petition without a hearing or the appointment of counsel. On December 18, 1975, appellant filed a second PCHA petition, and on March 8, 1976, a third petition. On March 18, 1976, the lower court dismissed these petitions, also without a hearing or the appointment of counsel. Appellant filed a fourth PCHA petition on or about August 24, 1976, and on December 2,

1976, the lower court ordered that a hearing be held. Counsel was appointed to represent appellant, and on February 11, 1977, a hearing was held as a result of which the lower court modified appellant's sentence. No appeal was taken, but on April 14, 1977, appellant filed the petition now before us, which, as noted above, the lower court dismissed on June 3, 1977.

It is well-settled that a "trial court may not summarily dismiss a petition filed by an indigent under [the Post Conviction Hearing Act] without the appointment of counsel, if counsel is requested, unless the same issues have been previously adjudicated adversely to the petitioner in a counseled proceeding or one wherein he has knowingly waived his right to the assistance of counsel." *Commonwealth v. Patterson*, 470 Pa. 618, 619–620, 369 A.2d 1163, 1164 (1977). *See also Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977); *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976). Here appellant requested court-appointed counsel to represent him in the PCHA proceedings and averred that he was a pauper without assets. Under these circumstances, the lower court could not dismiss his present petition without appointing counsel first unless the record showed that all appellant's claims had been raised in the earlier petitions. *Commonwealth v. Williams*, 437 Pa. 526, 263 A.2d 127 (1970); *Commonwealth v. Lee*, 231 Pa.Super. 791, 331 A.2d 546 (1975); *Commonwealth v. Smith*, 231 Pa.Super. 85, 328 A.2d 169 (1974).

In his petition, appellant alleged that he was denied a fair trial because of prejudicial remarks made by the prosecutor and a police officer in the presence of the jury; that his trial counsel was ineffective; that the sentencing judge erred by not allowing him to speak before sentence was imposed; and that the evidence was insufficient to support the jury's verdicts. From that portion of the record that has been transmitted to us by the lower court,[1] it appears that at least

1. Apparently, only part of the record in this case has been sent to us. Among other things, we are missing the transcript of the PCHA

some of appellant's claims have never been raised before. The issue in appellant's first counseled PCHA petition was counsel's ineffectiveness in taking an untimely direct appeal. We allowed appellant to file an appeal *nunc pro tunc* raising the same issues that he had presented in his post-trial motions. Although one claim raised in those motions was the insufficiency of the evidence, none of appellant's other claims was raised. The principal, if not only, claim raised in appellant's second counseled PCHA petition was the illegality of his sentence.[2]

The majority relies on *Commonwealth v. Williams, supra,* to find that appellant has waived his present claims by failing to include them in his second counseled PCHA petition. In my opinion, this reliance is unjustified.

The relevant facts of *Williams* are as follows. The defendant failed to take a direct appeal from his judgment of sentence. He later filed a PCHA petition that was dismissed after counsel was appointed and a hearing held, and again failed to appeal. Instead, he filed a second PCHA petition raising new claims. The lower court dismissed this second petition without a hearing or appointment of counsel. The defendant then appealed. In disposing of the appeal, the Supreme Court stated:

> Appellant in the instant PCHA petition urged, before the hearing court, as a ground for relief the failure of the grand jury to return a bill of indictment for second degree murder. *Since this issue had not been raised by appellant in a previous counseled petition, counsel should have been appointed before the hearing court. Commonwealth v. Minnick,* 436 Pa. 42, 44–45, 258 A.2d 515, 516 (1969); Pa.R.Crim.P. 1504, 19 P.S. Appendix. *Normally, we would now remand to the hearing court for a determination,*

hearing held on Feb. 11, 1977. I regret the incompleteness of this record.

2. The record does not indicate that appellant knowingly waived his right to counsel in connection with his uncounselled petitions, and thus appellant cannot be deemed to have waived his present claims by his failure to include them in those petitions. *See* discussion *supra.*

*with counsel, of whether an evidentiary hearing, and/or other relief, should be granted. Appellant, however, represented by counsel on this appeal, does not raise the issue of his lack of counsel before the hearing court. Nor does he urge as ground for relief the grand jury's supposed failure to return a proper bill.* Rather, appellant now asserts that his plea of guilty to murder was involuntary because he was led to believe that the other charges would be dropped in return for the guilty plea. We shall, therefore, consider the merits of only this claim.

437 Pa. at 528, 529, 263 A.2d at 128 (emphasis added; footnote omitted).

This passage clearly establishes the general rule: If a PCHA petition raises claims not included in a previous counseled petition, the petition cannot be dismissed without the appointment of counsel; if it is, the court on appeal will reverse and remand for counsel to be appointed and a new hearing.

The general rule was not followed in *Williams* because the defendant was represented by counsel on appeal, but nevertheless failed to object to the lack of counsel before the hearing court, and also failed to pursue his original claims. Under these unusual circumstances, the Supreme Court believed it unnecessary to remand for further proceedings, and disposed of the sole claim the defendant raised on appeal (which had not been asserted before the hearing court) on waiver grounds. The situation here is far different from the situation in *Williams*. Appellant has *not* been represented by counsel before this court, and the claims he now urges to us are the same ones urged below. Consequently, the general rule applies.

Furthermore, it may be noted that the rule set forth in *Williams* is sound. Had appellant alleged in his present petition that his second PCHA counsel was ineffective, neither the majority nor the lower court could deem the allegation waived. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Had appellant been skilled in the niceties of PCHA pleading he could have alleged that his second

PCHA counsel was ineffective for not alleging that his first PCHA counsel was ineffective for not alleging that his trial counsel was ineffective in failing to raise in his post-trial motions the claims appellant now wishes us to hear. If appellant had so alleged, we should be required to listen. But appellant is not a lawyer; he is not trained to avoid the pitfalls of PCHA waiver doctrine. Because he is not, the law requires the appointment of counsel.

Accordingly, I should reverse the lower court's order and remand the record with instructions to appoint counsel to represent appellant in a post-conviction proceeding at which appellant's eligibility for an evidentiary hearing or other relief may be determined.