515 A.2d 609

**COMMONWEALTH of Pennsylvania**

v.

**Eugene W. MORGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted July 14, 1986.

Filed Sept. 25, 1986.

John A. Halley, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com., appellee.

Before WATKINS, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This is an appeal from an order denying appellant's petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551. Appellant contends that the lower court erred in denying post-conviction relief without a hearing and without the appointment of counsel. We find that this contention has merit and, therefore, reverse the lower court's order and remand the case for proceedings consistent with this opinion.

In June of 1964 appellant pleaded guilty to numerous counts of burglary. Appellant was sentenced to two-and-one-half-to-five years imprisonment and two consecutive terms of twenty years probation. No appeal was filed. In 1968, appellant filed a *pro se* PCHA petition. Counsel was appointed to represent appellant, but he neither entered an appearance nor amended appellant's PCHA petition. After the Commonwealth had answered, but before the lower court took any action, appellant withdrew the petition. In 1977, appellant filed a second *pro se* PCHA petition and a petition to withdraw his guilty pleas. The lower court ordered the Commonwealth to show cause why a hearing should not be granted, but did not appoint counsel to represent appellant. The Commonwealth filed an answer to the petition, but the record does not reveal any further action in connection with either the PCHA petition or the petition to withdraw the guilty pleas.

In 1984, appellant's probation was revoked as a result of another conviction, and he was sentenced to imprisonment for two-and-one-half-to-twenty years to run consecutive to any sentence then being served. Appellant filed a *pro se* petition to withdraw his guilty pleas to the 1964 charges. This motion was denied without the appointment of counsel, a hearing or an opinion by the court. No appeal was taken from that order.

In October 1984, appellant filed the instant PCHA petition. This petition was also filed *pro se*. As in his prior

PCHA petition, appellant contends that his confession was coerced, that his statements were made without the assistance of counsel, that his guilty pleas were unlawfully induced, that he was unaware of his rights at the time of his guilty pleas, that he was denied effective assistance of counsel, and that he was denied his right to appeal.

The lower court denied the instant PCHA petition without the appointment of counsel or holding a hearing, finding that it was "patently frivolous" and that the issues raised had been waived. *See* Order of December 12, 1984. Appellant filed a timely appeal and counsel was appointed to represent him.

■ Appellant contends that the lower court erred in dismissing the instant PCHA petition without appointing counsel and holding a hearing. We agree. A *pro se* PCHA petition may not be summarily dismissed unless a previous petition involving the same issue or issues has been finally determined adversely to the petitioner in a counselled proceeding or one in which he or she voluntarily waived the right to assistance of counsel. *See* Pa.R.Crim.P. 1503, 1504. *See also Commonwealth v. Finley*, 497 Pa. 332, 334 n. 1, 440 A.2d 1183, 1184 n. 1 (1981); *Commonwealth v. Sawyer*, 355 Pa.Superior Ct. 115, 120–121, 512 A.2d 1238, 1240 (1986); *Commonwealth v. O'Nealel*, 315 Pa.Superior Ct. 1, 6, 461 A.2d 318, 320 (1983).

■ The proper procedure is for the trial judge to make a determination as to the indigency of the petitioner, and, if the petitioner is found to be indigent, the trial judge should appoint counsel to assist in the preparation of an amended PCHA petition. *See Commonwealth v. Finley, supra; Commonwealth v. Davis*, 328 Pa.Superior Ct. 321, 323, 476 A.2d 1351, 1352 (1984); *Commonwealth v. Hicks*, 321 Pa. Superior Ct. 545, 548, 468 A.2d 1123, 1124 (1983). If counsel is appointed, but does nothing, that proceeding must be deemed to have been uncounselled. *See Commonwealth v. Miller*, 325 Pa.Superior Ct. 163, 165, 472 A.2d 698, 699 (1984). Reversal for failure to appoint counsel is necessary whether the current petition is appellant's first or is one of a number of petitions. *See Commonwealth v. Miller, su-*

*pra; Commonwealth v. Cochran,* 261 Pa.Superior Ct. 236, 239, 396 A.2d 375, 376 (1978).

■ Here, appellant was clearly uncounselled for his second and third PCHA petitions. Inasmuch as counsel was appointed in connection with appellant's first PCHA petition but did nothing, that proceeding must also be deemed to have been uncounselled. *See Commonwealth v. Miller, supra.* In view of appellant's uncounselled status for all of his PCHA petitions, failure to appoint counsel and hold a hearing in connection with this petition was error. Only after counsel has had an opportunity to review and amend the petition, assuming appellant was indigent, should a decision on the merits be made. *See Commonwealth v. O'Nealel, supra.*

Accordingly, we reverse the order dismissing appellant's PCHA petition. As counsel has been appointed, we remand the case to give counsel an opportunity to amend appellant's PCHA petition before the lower court. The lower court should then decide whether to grant a hearing.

Order reversed, case remanded. Jurisdiction is relinquished.