532 A.2d 33

**COMMONWEALTH of Pennsylvania**

v.

**Charles R. KEENEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 3, 1987.

Filed Oct. 5, 1987.

---

Charles R. Keeney, in propria persona.

C.N. Patterson, Jr., Assistant District Attorney, York, for Com.

18

Before BECK, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

Appellant entered a plea of nolo contendere to a charge of criminal attempt to commit homicide in connection with the stabbing of his wife, Sandra Keeney, on June 23, 1985. On March 24, 1986, appellant was sentenced to a term of imprisonment of five (5) to ten (10) years. Appellant failed to file appropriate motions to withdraw or challenge the guilty plea, nor did he file a direct appeal. On November 12, 1986, appellant sought relief by filing a pro se petition under the Post Conviction Hearing Act ("PCHA"), 42 Pa. C.S. § 9541 *et seq.*, therein declaring he was indigent and requesting appointment of counsel. On December 18, 1986, the lower court dismissed appellant's petition without appointment of counsel and without an evidentiary hearing. This direct pro se appeal followed. We reverse.

Appellant's sole contention on appeal is that the trial court erred in summarily dismissing his PCHA petition without first appointing counsel to represent him. Pennsylvania Rule of Criminal Procedure 1503(a) provides:

(a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him. The court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it.

Under the rules the only time appointment of counsel is unnecessary in a summary disposition of a PCHA petition appears in Pa.R.Crim.P. 1504 as follows:

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings therein.

*See Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981). Here, we are presented with appellant's first PCHA petition; therefore, the exception set forth in Pa.R. Crim.P. 1504 does not apply.

In Pennsylvania an indigent petitioner has the right to the assistance of counsel with his first PCHA petition. *Commonwealth v. Harris*, 492 Pa. 381, 424 A.2d 1242 (1981); *Commonwealth v. McClinton*, 488 Pa. 598, 413 A.2d 386 (1980); *Commonwealth v. Morgan*, 357 Pa.Super. 157, 515 A.2d 609 (1986). As we stated in *Commonwealth v. Sawyer*, 355 Pa.Super. 115, 121, 512 A.2d 1238, 1241 (1986), "[t]he proper procedure is for the trial judge to make a determination as to the indigency of the petitioner, and, if petitioner is found to be indigent, the trial judge should appoint counsel to assist in the preparation of an amended petition under the Act." Where the appellant did allege indigency and requested appointment of counsel a PCHA court must determine whether appellant is indigent, and, if so, appoint counsel to assist in the presentation of the first petition. *Commonwealth v. Lee*, 494 Pa. 216, 431 A.2d 226 (1981); *Morgan, supra*. Waiver of the right to counsel by a petitioner for post-conviction relief must be knowing, intelligent and voluntary. *Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980).

As appellant's PCHA petition fulfills the requirements above, it was error on the part of the trial court to proceed without first determining his indigency status and acting accordingly. The Commonwealth's assertions that appellant's claims are "wholly frivolous" and warrant summary dismissal for that reason are without merit (Appellee's brief at 7). In a similar case, our Supreme Court noted in *Commonwealth v. Holland*, 496 Pa. 514, 437 A.2d 1159 (1981), appointment of counsel sharpens the presentation of issues and promotes the administration of justice.

We feel compelled to comment on the recent decision of *Pennsylvania v. Finley*, —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), wherein the United States Supreme Court reversed a PCHA decision by our Court, holding

there is no underlying constitutional right to appointed counsel in either discretionary appeals or in state post-conviction proceedings. In *Finley*,[1] we concluded the court-appointed trial counsel had violated the PCHA petitioner's constitutional rights by failing to follow the procedures derived from *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), after counsel determined there was no basis for a post-conviction appeal.[2] In reversing, the United States Supreme Court found we had acted improperly in relying on the United States Constitution in extending the *Anders* procedures to post-conviction proceedings. Explaining, the court stated:

We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks to their conviction ... and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals.... We find that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process....

. . . .

... Post conviction relief is even further removed from the criminal trial than is discretionary direct review. It is not part of the criminal proceeding itself, and it is in fact

1. *Commonwealth v. Finley*, 330 Pa.Super. 313, 479 A.2d 568 (1984).
2. In *Anders*, the Supreme Court held that when counsel appointed to represent an indigent defendant on direct appeal finds a case wholly frivolous:

[H]e should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Anders, supra* at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

considered to be civil in nature.... It is a collateral attack that normally occurs only after the defendant has failed to secure relief through a direct review of his conviction. States have no obligation to provide this avenue of relief ... and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well.

... Since [the PCHA petitioner] has no underlying constitutional right to appointed counsel in state postconviction proceedings, she has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right. (Citations omitted.)

*Finley, supra* at ——, ——, 107 S.Ct. at 1993–1994, 95 L.Ed.2d at 545–547.

The court in *Finley* found that when States, such as Pennsylvania, provide indigent prisoners the right to assistance of counsel in collateral post-conviction proceedings it does not mean that the panoply of procedural protections guaranteed by the United States Constitution for criminal trials and first appeal as of right are required. The Constitution does not require the States to choose between affording no counsel whatsoever or establishing a right to counsel with full procedural protections. Consequently, the Supreme Court's Opinion in *Finley* does not affect the earlier decision of *Commonwealth v. Finley*, 497 Pa. 332, 440 A.2d 1183 (1981), rendered by the Pennsylvania Supreme Court, in which it held that indigent petitioners have the right to the assistance of counsel with their first PCHA petition.

Accordingly, we vacate the PCHA court's December 18, 1986 Order and remand the case for a hearing regarding the indigency status of appellant. If appellant is found to be indigent, counsel must be appointed and must have an opportunity to file an amended petition upon request before any summary disposition can be made.

Jurisdiction relinquished.

BECK, J. concurs in the result by TAMILIA, J.

POPOVICH, J. files a concurring statement.

POPOVICH, Judge, concurring:

I join the Majority in reversing the Post-Conviction Hearing Act[1] court's summary dismissal of the appellant's pro se request for PCHA relief and the appointment of counsel.

I would only add that the *Pennsylvania v. Finley,* —— U.S. ——, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) case foreclosed a state court from basing the appointment of counsel in collateral proceedings, e.g., under the PCHA, upon the federal Constitution (Amendment VI). This in no way, however, precludes a state's highest court from promulgating Rules of Criminal Procedure (see Pa. Const. Art. V, Sec. 10(c)) affording an indigent with counsel under prescribed circumstances, as is the case in Pennsylvania. See Pa.R. Crim.P. 1503(a).

1. 19 P.S. § 1180–1 et seq., repealed; reenacted at 42 Pa.C.S. §§ 9541–9551.