563 A.2d 932

**COMMONWEALTH of Pennsylvania**

v.

**Henry DAVIS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 15, 1989.

Filed Sept. 6, 1989.

40

Henry Davis, appellant, in pro. per.

Charles F. Lieberman, Dist. Atty., Milford, for Com., appellee.

Before CAVANAUGH, POPOVICH and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order below denying appellant's petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.   Appellant contends

that the lower court erred in denying his petition without a hearing and without the appointment of counsel. The Commonwealth concedes that the case should be remanded for a hearing on whether appellant is entitled to counsel. For the reasons that follow, we reverse the order below and remand for proceedings consistent with this opinion.

After a trial by jury, on September 8, 1986, appellant, who proceeded *pro se,* was convicted of aggravated assault and recklessly endangering another person.[1] Post-trial motions were filed and denied. On October 23, 1986, appellant was sentenced to serve a term of imprisonment of not less than three years nor more than ten years. On November 20, 1986, appellant filed an appeal to this Court. The appeal was quashed on July 6, 1987, for failure to comply with the Pennsylvania Rules of Appellate Procedure. Appellant, continuing to proceed *pro se,* filed a petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551 (repealed), on February 19, 1988. The petition was summarily denied. Appellant appealed the denial of his petition to this Court, which dismissed his appeal as untimely by order dated June 15, 1988. On September 7, 1988, appellant filed a second post-conviction petition, which petition was also summarily denied. Appellant then filed a third post-conviction petition on December 1, 1988.[2] The lower court summarily denied the petition without appointing counsel or holding a hearing. This appeal is from the denial of that petition. Appellant at all times up to and including the instant appeal has proceeded *pro se.*

In *Commonwealth v. Morgan,* 357 Pa.Super. 157, 161, 515 A.2d 609, 610 (1986), this court, faced with a similar situation, held:

1. Appellant proceeded *pro se* because the court refused to grant his request for the appointment of a new attorney after appellant had discharged his appointed counsel.

2. We note that the Post Conviction Hearing Act has been modified in part, repealed in part, and renamed the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541–9546. The new provision applies to all actions for collateral relief instituted after the effective date of April 13, 1988. Because the instant petition was filed after April 13, 1988, it must be evaluated under the new act.

A pro se PCHA petition may not be summarily dismissed unless a previous petition involving the same issue or issues has been finally determined adversely to the petitioner in a counselled proceeding or one in which he or she voluntarily waived the right to assistance of counsel. *See* Pa.R.Crim.P. 1503, 1504.

The proper procedure is for the trial judge to make a determination as to the indigency of the petitioner, and, if the petitioner is found to be indigent, the trial judge should appoint counsel to assist in the preparation of an amended PCHA petition. If counsel is appointed, but does nothing, that proceeding must be deemed to have been uncounselled. Reversal for failure to appoint counsel is necessary whether the current petition is appellant's first or is one of a number of petitions.

*Id.,* 357 Pa.Superior Ct. at 161, 515 A.2d at 610. Here, appellant proceeded *pro se* in both of his two previous petitions for post-conviction relief. A petitioner's right to counsel in post-conviction proceedings derives from the Pennsylvania Rules of Criminal Procedure. *See* Pa.R. Crim.P. 1503, 1504. *See Commonwealth v. Finley,* 497 Pa. 332, 334 n. 1, 440 A.2d 1183, 1184 n. 1 (1981). We note that the PCRA does not alter this right to counsel.[3] Here, because the prior post-conviction proceedings were uncounselled, the PCRA court should not have summarily dismissed the petition, but instead should have determined whether petitioner is indigent, and if so, whether his decision to proceed *pro se* in his initial petition was knowing and voluntary. *See Morgan, supra.* Accordingly, we must remand the case to the PCRA court. If the court below

---

**3.** We note that Pa.R.Crim.P. 1504 has been amended, effective July 1, 1989, to limit the right to counsel to the first post-conviction petition. The new rule no longer mandates the appointment of counsel on second or subsequent post-conviction petitions where the issues raised have not been raised before, but now only requires the appointment of counsel on second or subsequent post conviction petitions where the judge determines that an evidentiary hearing is required. Here, because appellant was not represented by counsel on either of his prior PCHA petitions, and the question whether he knowingly and voluntarily waived his right to counsel at the first proceeding remains, the new Rule 1504 does not effect the disposition of this case.

determines that petitioner is indigent and that he did not knowingly and voluntarily waive his right to counsel in the prior proceeding, then new counsel should be appointed to assist him. If, on the other hand, the court determines that petitioner did knowingly and voluntarily waive his right to counsel, then the issues raised in the instant petition would be deemed waived.

For the foregoing reasons, we reverse the order summarily dismissing petitioner's PCRA petition and remand to the court below for proceedings consistent with this opinion.

Order reversed, case remanded. Jurisdiction is relinquished.