592 A.2d 691

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Ronald G. KAUFMANN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 1, 1991.

Filed June 7, 1991.

336

Ronald G. Kaufmann, pro se.

Mary M. Killinger, Asst. Dist. Atty., Norristown, for Com., appellee.

Before ROWLEY, President Judge, and TAMILIA and POPOVICH, JJ.

POPOVICH, Judge:

This case involves an appeal from the September 4, 1990, order of the Court of Common Pleas of Montgomery County denying the Post Conviction Relief Act [1] (PCRA) petition of the Appellant, Ronald Kaufmann. We reverse.

The facts of record indicate that the Appellant was charged in two separate informations: No. 2187–79 was filed July 13, 1979, and charged possession of a controlled substance (Count I) and possession with intent to manufacture or deliver a controlled substance (Count V); No. 2197–79 was filed July 5, 1979, and charged criminal conspiracy with regard to the Controlled Substance, Drug, Device and Cosmetic Act.

Both incidents involved the same undercover drug agent who enlisted the aid of the Appellant in purchasing cocaine from one Albert Dever, a/k/a Joseph Dever. The first incident took place on February 9, 1979, and resulted in the criminal conspiracy charge lodged at information No. 2197–79. The second act occurred on April 17, 1979, and concerned the undercover agent's purchase of cocaine from the Appellant, which was obtained purportedly from Mr. Dever and resulted in information No. 2187–79.

The Appellant was tried on each information separately, resulting in his convictions for possession with intent to deliver at No. 2187–79 and criminal conspiracy at No. 2197–79.

On April 24, 1980, the Appellant appealed his judgment of sentence at No. 2197–79, but the appeal was withdrawn on August 13, 1981, pursuant to an agreement whereby the sentencing court consented to a bargain for concurrent sentences for each of the offenses. This would afford the Appellant the opportunity to have his sentences for criminal conspiracy (1–2 years imprisonment) and possession with

1. See 42 Pa.C.S. § 9541 *et seq.* (Supp.1989).

intent to manufacture or deliver a controlled substance (1–2 years imprisonment) served concurrently with two other sentences entered by other judges in Montgomery County and required to be served consecutively.[2]  See Sentencing Hearing, 8/13/81.

Thereafter, by *pro se* petition filed under the PCRA, the Appellant questioned the effectiveness of his trial counsel in not seeking to consolidate for trial the charges listed at Nos. 2187–79 and 2197–79.  He claimed this inaction by trial counsel violated his rights under 18 Pa.C.S. § 110 and *Commonwealth v. Hude*, 500 Pa. 482, 458 A.2d 177 (1983).  See PCRA petition dated August 9, 1990.  The PCRA court disagreed and denied him both the aid of counsel and an arrest of judgment.  The PCRA court did so because the Appellant's previously filed post-trial motions were construed as an initial request for relief converting his August 9, 1990, PCRA petition into a second "bite at the apple" precluded by statute unless a "miscarriage of justice" was established by an "undermining of the truth determining process that no reliable adjudication of guilt or innocence could have taken place."  42 Pa.C.S. § 9543(a)(2)(i) and (ii). No such allegation was found to have been made.

**2.**  To elaborate, in March of 1980, Judge Avrigian sentenced the Appellant to 5–10 years imprisonment.  On April 14, 1980, Judge Lowe issued a sentence of 8 to 2½ years imprisonment to run consecutively to Judge Avrigian's term of imprisonment.  On the same day as Judge Lowe's sentence, Judge Davenport imposed a 1–2–year sentence for conviction at No. 2197–79 to run consecutively to Judge Lowe's incarceration term.

The Appellant's agreement to withdraw his appeal before the Superior Court for the judgment of sentence issued at No. 2197–79 caused Judge Davenport to reconsider his initial 1–2–year consecutive sentence of April 14, 1980.  Once the appeal had been withdrawn, the 1–2–year consecutive sentence would be made to run concurrently with the sentences of Judges Lowe and Avrigian.

Because Judge Moss had died prior to imposing a sentence for the Appellant's conviction at No. 2187–79, Judge Davenport would perform that function and agreed to enter a 1–2–year concurrent sentence if the Appellant withdrew his appeal at No. 2197–79 with Superior Court.  Appellant agreed to do so and sentence was entered thereafter in *absentia* to comply with the bargained-for sentences of 1–2–years each (at Nos. 2187–79 and 2197–79) being served concurrently to the sentences imposed by Judges Lowe and Avrigian.

Secondly, the PCRA court held that the two convictions of the Appellant did not possess any "logical legal or factual" linkage requiring their consolidation at trial under Section 110 or *Hude*, supra. Accordingly, the relief requested was denied and this appeal was perfected *pro se.*

Before we respond to the claim of the Appellant, in which he challenges trial counsel's stewardship in not seeking to arrest judgment since the two offenses arose from a single criminal episode for which he had been tried previously and convicted, we need to address the question of whether the denial of the Appellant's request for the appointment of PCRA counsel was proper.

■ Under Pennsylvania law, a petitioner's right to counsel under the PCRA, as well as its predecessor (the Post–Conviction Hearing Act[3] (PCHA)), is established by rule of the Supreme Court. Cf. *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927, 928 (1988). In particular, Pa. R.Crim.P. 1504(a) and the *Comment* thereto provide:

RULE 1504. APPOINTMENT OF COUNSEL; FORMA PAUPERIS

(a) When an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge *shall* appoint counsel to represent the defendant on the defendant's *first* motion for post-conviction collateral relief.

\*　　\*　　\*　　\*　　\*　　\*

*Comment*

This rule replaces former Rule 1503. \* \* \*

*Consistent with Pennsylvania post-conviction practice under former Rules 1503 and 1504, it is intended that counsel be appointed in every case in which a defendant has filed a motion for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.* However, the rule now limits appointment of counsel on second or

---

**3.** See 42 Pa.C.S. § 9541 *et seq.* (1982) (repealed).

subsequent motions so that counsel should be appointed *only* if the judge determines that an evidentiary hearing is required. Of course, the judge has discretion to appoint counsel in any case when the interests of justice require it.

(Emphasis added in part) Rule 1504 needs to be viewed in light of Pa.R.Crim.P. 1507(a) and the *Comment* following it; to-wit:

### RULE 1507. DISPOSITION WITHOUT HEARING

(a) The judge shall promptly review the motion, an answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the motion and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 10 days of the date of the notice. The judge thereafter shall either order the motion dismissed, or grant leave to file an amended motion, or direct that the proceedings continue.

\* \* \* \* \* \*

### *Comment*

... Present Rule 1507 replaces former Rule 1504.

The judge is permitted, pursuant to paragraph (a), to summarily dismiss a motion for post-conviction collateral relief in certain limited cases. To determine whether a summary dismissal is appropriate, the judge should thoroughly review the motion, the answer if any, and all other relevant information that is included in the record. If after this review, the judge determines that the motion is patently frivolous and without support in the record, or that the facts alleged would not, even if proven, entitle the defendant to relief, or that there are no genuine

issues of fact, the judge may dismiss the motion as provided herein.

\* \* \* \* \* \*

*See ... Rule 1504 with regard to the requirements for appointment of counsel in these cases.*

(Emphasis added in part) Thus, we see that Rule 1507's apparent unbridled authority, reserving to a judge the right to dismiss a petition for post-conviction collateral relief, is to be read in conjunction with Rule 1504's entitlement to counsel by a petitioner who is indigent and seeks an initial review of a petition for post-conviction collateral relief.

The course we would pursue under the Post–Conviction Hearing Act, the forerunner to the PCRA, in the case at bar was clearly delineated in the law: No prior appeal(s); filing of a *pro se* petition for post-conviction collateral relief; indigent petitioner's request for the assistance of counsel denied; and appeal perfected by petitioner *in forma pauperis.* Without citing a legion of cases *ad infinitum,* we note that the result to be reached under such a scenario as exists presently would be the vacation of the post-conviction hearing court's order denying relief and remanding with instructions to afford the appellant the opportunity to be represented by counsel in filing an amended post-conviction hearing petition seeking collateral relief. See, *e.g., Commonwealth v. Hobson,* 286 Pa.Super. 271, 428 A.2d 987, 990–91 (1981) (Citing cases and to former Pa.R.Crim.P. 1503 and 1504).

Under the present Rules of Criminal Procedure, although we detect a variation *vis-a-vis* the previous rules governing post-conviction collateral matters,[4] the substance of the law

4.   Former Rules 1503 and 1504 provided in relevant part:
**Rule 1503.  Appointment of Counsel**
   (a) Except as provided in Rule 1504, when an unrepresented petitioner satisfies the court that he is unable to procure counsel, the court shall appoint counsel to represent him.  The court, on its own motion, shall appoint counsel to represent a petitioner whenever the interests of justice require it.
**Rule 1504.  Summary Disposition**

remains intact and necessitates our reversal of the PCRA order denying the Appellant his request for the appointment of counsel to aid him in his *first* PCRA petition. *Commonwealth v. Alexander,* 495 Pa. 26, 432 A.2d 182 (1981).

In *Alexander,* a plurality opinion written by Justice Larsen, the Court, albeit denouncing the proliferation of PCHA petitions filed by one litigant as an intolerable assault on the appellate process requiring judicial curtailment, endorsed the allowance of "at least one meaningful opportunity to have ... issues reviewed, at least in the context of an ineffectiveness claim." 495 Pa. at 35, 432 A.2d at 186. Accord *Commonwealth v. Finley,* 497 Pa. 332, 440 A.2d 1183 (1981).

■ The 1989 version of Rule 1504(a) provides in graphic and unequivocal terms that an indigent defendant "shall" be appointed counsel to represent him in his "first motion for post-conviction collateral relief." There is no condition precedent under Rule 1504(a) that the claim(s) raised by the petitioner pass an "arguably meritorious/reasonable basis for counsel's inaction/prejudice" test to secure the appointment of counsel. This assessment is more appropriately left to the post-appointment of counsel stage. See, *e.g., Commonwealth v. Harris,* 381 Pa.Super. 206, 553 A.2d 428, 432–33 (1989); *Commonwealth v. Keeney,* 367 Pa.Super. 16, 532 A.2d 33 (1987); *Hobson,* supra; see also *Turner,* supra.

All the petitioner need show, to entitle him to an appointment of counsel in his PCRA endeavor, is an "inability" to afford to procure counsel *and* that the petition is his "first" seeking post-conviction collateral relief. See 1989 *Comment* to Rule 1504, wherein it is specifically provided that

> Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.

This same language appears in the 1989 *Comment* to Rule 1507.

Rule 1504(a) is to be applied "[c]onsistent[ly] with Pennsylvania post-conviction practice under former Rules 1503 and 1504, [*i.e.,*] it is intended that counsel be appointed in *every* case in which a defendant has filed a motion for post-conviction collateral review for the *first* time and is unable to afford counsel or otherwise procure counsel." (Emphasis added)

■ We do not read Rule 1507's authority to dismiss summarily a PCRA petition to be exercised when an *uncounseled* petition is the *first* submitted by an *indigent* petitioner. This is consistent with the practice under former Rules 1503 and 1504, as made reference to in the 1989 *Comment* to Rule 1504. Likewise, case law interpreting the same has condemned consistently the summary denial of an indigent's post-conviction collateral petition in the absence of counsel. See, *e.g., Harris,* supra; *Hobson,* supra.

■ Although the United States Supreme Court has held that there is no right under the United States Constitution to the appointment of counsel when mounting a collateral attack of a conviction, see *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), this does not translate into a preclusion of a state's highest court form promulgating Rules of Criminal Procedure (see Pa.Const. Art. V, Sec. 10(c)) to avail an indigent the right to counsel under prescribed circumstances, as is the case in Pennsylvania via Rules 1504 and 1507. See Concurring Statement by Popovich, J., in *Keeney,* supra, 367 Pa.Super. at 22, 532 A.2d at 36.

■ We find that, in light of the past and present practice governing post-conviction collateral proceedings, a defendant has the right to the appointment of counsel to aid him in his efforts to obtain relief by way of the PCRA route where it is his "first" petition.[5] Cf. *Commonwealth v.*

---

**5.** To the PCRA court's remarks that the Appellant's PCRA petition was his second, given that he had filed and was denied his post-verdict motions for a new trial and/or in arrest of judgment, we find the

statement to be untenable under either "finally litigated" or "waiver" grounds.

For example, there is no indication that issues *not* raised in post-trial motions can be labelled "finally litigated" under the PCRA. See 42 Pa.C.S. § 9544(a) (Supp.1989). As for whether the Appellant has "waived" his right to challenge his judgment of sentence under a Section 110 argument, a point made mention of (fleetingly) by the Commonwealth without discussion in its brief to us at page 4, we quote with approval this Court's response to a similar argument in dealing with the Post–Conviction Hearing Act (PCHA); namely:

Moreover, even if *arguendo* the contention of counsel's ineffectiveness were deemed waived, the lower court would still be unable to dismiss summarily a *pro se* petition on such ground. *Commonwealth v. Minnick, supra* [436 Pa. 42, 258 A.2d 515 (1969)]; *see Commonwealth v. McClinton,* 488 Pa. 598, 413 A.2d 386 (1980) (court erred in dismissing initial PCHA petition without a hearing where counsel was not appointed to assist petitioner in the proceedings); *Commonwealth v. Miller, supra* [275 Pa.Super. 236, 418 A.2d 700 (1980)] (summary dismissal of uncounseled petition without appointment of counsel by court is error); *Commonwealth v. Cochran,* 261 Pa.Super. 236, 396 A.2d 375 (1978) (court below erred in summarily dismissing petitioner's uncounseled petition, even if it were the third one filed); *see also Commonwealth v. Schmidt,* 436 Pa. 139, 259 A.2d 460 (1969) (summary disposition of a petition, without appointing counsel, is permitted only " 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he ... was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504."); *cf. Commonwealth v. Mitchell,* 266 Pa.Super. 45, 402 A.2d 1070 (1979) (issues waived by failure to raise them in prior PCHA petition filed by petitioner, where counsel was appointed and a hearing held).

Since we find that in the case *sub judice* the dismissal of the appellant's petition without the appointment of counsel was error, because the issue alleged therein was neither finally litigated nor waived, we remand to the lower court without reaching the merits of the issue. *Commonwealth v. Miller, supra* (appellate court reviewed the record and agreed with the lower court that the allegations in the petition were completely lacking in merit. Nevertheless, the summary dismissal of the PCHA petition without appointment of counsel being error, the case was remanded). Such action is consistent with our prior case law. As was stated by our Supreme Court in *Commonwealth v. Adams,* 465 Pa. 389, 350 A.2d 820 (1976):

"Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case[, which dealt with guilty pleas from which no appeal was taken,] without appointment of counsel was error. Pa.R.Crim.P. 1503(a) suspending in part and superseding Section 12 of the Post–Conviction Hearing Act, places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt* [*supra*]; accord, *Commonwealth v. Conner,* 462 Pa. 282, 341 A.2d 79 (1975); *Commonwealth*

*Finley,* supra (Indigent petitioners have the right to the assistance of counsel with their first PCHA petition). Accord *Keeney,* supra; 1989 version of Rule 1504(a) and *Comment* thereto. This has a salutary feature which was articulated by this Court in *Commonwealth v. Harris,* supra, 381 Pa.Super. at 214–16, 553 A.2d at 432, 433; namely:

Under Pennsylvania law a PCHA petitioner has the right to the assistance of court appointed counsel if petitioner is indigent, unless "a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he either was afforded the

*v. Minnick, [supra ].* Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he ... was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith,* 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes,* 234 Pa.Super. 556, 340 A.2d 462 (1975)." (Footnote omitted) *Id.* [465 A.2d] at 391, 350 A.2d at 821–22. Accord *Commonwealth v. Miller,* supra (direct appeal affirmed and allocatur denied prior to filing of uncounseled petition which was summarily denied); *see also Commonwealth v. McClinton, supra; [Commonwealth v.] Alvarado, supra* [488 Pa. 250, 412 A.2d 492 (1980) ]; *Commonwealth v. Brown,* 261 Pa.Super. 240, 396 A.2d 377 (1978); *Commonwealth v. Irons,* 254 Pa.Super. 251, 385 A.2d 1004 (1978); *Commonwealth v. Bostic,* 251 Pa.Super. 224, 380 A.2d 459 (1977); *see generally Commonwealth v. Padgett,* 485 Pa. 386, 402 A.2d 1016 (1979).
*Commonwealth v. Hobson,* supra, 286 Pa.Super. at 276–77, 428 A.2d at 990–91.
The fact that we cite cases dealing with the PCHA's waiver concept is of no moment since the same precept has been retained by the PCRA. *Commonwealth v. Davis,* 393 Pa.Super. 88, 573 A.2d 1101, 1105 n. 4 (1990) (Denial of a PCRA petition was affirmed on appeal because the trial record indicated that the Appellant "waived" his right to appeal knowingly and intelligently; *however, the request for the appointment of counsel had been complied with prior to the denial of the petition for PCRA relief by the PCRA court).*
Instantly, although the Appellant indicated he was giving up his right to appeal any "illegality" during the sentencing hearing in exchange for a more lenient sentence, which the sentencing court agreed to impose, the distinction between *Davis,* supra, and the case at bar is that the petitioner was granted the aid of counsel in formulating his PCRA petition in *Davis,* supra, a factor which undermines the PCRA court's ability to deny summarily the Appellant's request for PCRA relief instantly. See generally *Commonwealth v. Hobson,* supra; 1989 version of Pa.R.Crim.P. 1504(a).

opportunity to have counsel appointed or was represented in proceedings thereon." *See* Pa.R.Crim.P. 1503(a) [replaced by Rule 1504(a) on July 1, 1989]; Pa.R.Crim.P. 1504 [replaced by Rule 1507 on July 1, 1989]....

\* \* \* \* \* \*

Appointment of counsel serves administrative as well as substantive interests. In *Commonwealth v. Mitchell,* 427 Pa. 395, 235 A.2d 148 (1967), our Supreme Court explained:

> We pause to note that *the mandatory appointment requirement is a salutary one and best compares with efficient judicial administration and serious consideration of a prisoner's claims.* Counsel's ability to frame the issues in a legally meaningful fashion insures the trial court that all relevant considerations will be brought to its attention. As recognized by the American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post–Conviction Remedies § 4.4, at 66 (1967) [approved draft 1968]; *'It is a waste of valuable judicial manpower and an efficient method of seriously treating the substantive merits of applications for post-conviction relief to proceed without counsel for the applicants who have filed pro se....* Exploration of the legal grounds for complaint, investigation of the underlying facts, and more articulate statement of claims are functions of an advocate that are inappropriate for a judge, or his staff.'

235 A.2d at 149 (citations omitted, emphasis added); *see also Commonwealth v. Sangricco,* 490 Pa. 126, 415 A.2d 65 (1980); *Commonwealth v. Fiero,* 462 Pa. 409, 341 A.2d 448 (1975). In *Commonwealth v. Finley, supra,* our Supreme Court stated succinctly, "[c]ounsel for a PCHA petitioner can more ably explore legal grounds for complaint, investigate underlying facts, articulate claims for relief, and *promote efficient administration of justice.*" 440 A.2d at 1184 (emphasis added); *see also Commonwealth v. Holland,* 496 Pa. 514, 437 A.2d 1159 (1981).

The importance of court-appointed counsel's role in facilitating the efficient administration of justice cannot be overstated. Left to their own vices, or the dubious assistance of "jail-house lawyers," under-educated prison inmates often file petitions more marked by voluminousness, creativity, and irrelevancy than by lucidity. *See, e.g., Commonwealth v. Gaito,* 277 Pa.Super. 404, 408–09, 419 A.2d 1208, 1211 (1980). Vast judicial resources are then squandered in efforts to decipher and dispose of such submissions. [Emphasis in original]

If we were to read the present Rule 1507(a) to authorize the summary dismissal of an initial *pro se* PCRA petition, then the language of present Rule 1504(a), mandating ("shall") appointment of counsel to an indigent petitioner seeking relief for the first time by way of a post-conviction collateral proceeding, would be rendered nugatory.

We hold that the past practice under former Rules 1503 and 1504, which is specifically mentioned for guidance purposes in the *Comment* to present Rule 1504 and discussed *supra,* gives us direction and counsels in favor of reversing a summary dismissal of a *pro se* PCRA petition where appointment of an attorney is sought and denied.

If the body promulgating the Rules of criminal Procedure, *i.e.,* the Pennsylvania Supreme Court through the Criminal Rules Committee, had intended to dispense with the assignment of counsel in post-conviction collateral proceedings, be it on the first occasion or merely one of a series of attempts to obtain post-conviction collateral relief, it could have dispensed with the present Rule 1504(a) [6] and

6. Instantly, the Appellant has yet to have his judgments of sentence for possession and criminal conspiracy examined on appeal, nor has he pursued review of his convictions in the federal courts or under the former Post–Conviction Hearing Act. Accordingly, the Appellant's *pro se* PCRA petition was his first attempt at having his complaints reviewed.

It is not for this Court or the PCRA court to make an initial inquiry as to the merit of the claim(s) proffered, especially is this so given the Appellant's request for the appointment of counsel to assist him in framing the issue(s), if any there be, to cause him to obtain post-conviction collateral relief.

afforded the initial tribunal hearing the post-conviction collateral complaint the unbridled authority to dismiss any request for relief where it was found to be wholly frivolous.

The Pennsylvania Supreme Court chose not to do so. This is quite evident by its promulgation of present Rule 1504(a) and the *Comment* thereto, each of which has its origin in and rationale from its precursor (Post–Conviction Hearing Act) and the case law interpreting the same, which we find still viable on this point of disapproving summary dismissals of *pro se* post-conviction collateral petitions where counsel has been requested by an indigent formulating his first petition. See, *e.g., Hobson,* supra, and cases cited therein.

It is undisputed that the law has been revamped with the enactment of the PCRA and the adoption of new post-conviction collateral proceedings (Rule 1501 *et seq.*). Nonetheless, one constant remains as a holdover from the prior law: an indigent defendant shall be availed the opportunity to secure the appointment of counsel to aid in the perfection of his first petition seeking post-conviction collateral relief. See 1989 version of Rule 1504(a) and *Comment* thereto.

■ Once appointment has been made, counsel may seek to withdraw, after a thorough review of the record has been made, where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking. See *Turner,* supra; *Commonwealth v. Finley,* 379 Pa.Super. 390, 550 A.2d 213, 214 (1988) (en banc).

In line with our analysis of the law, we vacate the order of the PCRA court denying the Appellant's request for the appointment of counsel, and, as a consequence thereof, the

Once counsel has been appointed, provided Appellant satisfies the criteria set forth in present Rule 1504(a), and a supplemental petition is submitted or a brief for withdrawal under *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988) is submitted, then it will be the appropriate stage at which to evaluate the contentions or the absence thereof in deciding what action to take with regard to the PCRA petition of the Appellant. All factors, *e.g.,* waiver, will come into play in determining whether the claims have been preserved and/or warrant the relief requested.

denial of the request for relief under the PCRA is reversed as well. A remand is in order for the appointment of PCRA counsel once the Appellant satisfies the PCRA court that he is indigent and the present petition is his first under the PCRA.

Order reversed; case remanded; jurisdiction relinquished.