J-S63024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIE R. TRAVIS | |
| Appellant | No. 687 MDA 2014 |

Appeal from the PCRA Order February 11, 2014
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): CP-22-CR-0002610-2006

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.                    **FILED NOVEMBER 06, 2014**

Appellant, Willie R. Travis, appeals *pro se* from the order entered February 11, 2014, which denied his first petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We vacate and remand.

On December 5, 2006, Travis entered a guilty plea to Recklessly Endangering Another Person, Carrying a Firearm Without a License, and Person Not to Possess Firearms.  The trial court sentenced Travis to an aggregate term of three to eight years' incarceration.  Travis did not file a direct appeal.

On January 13, 2014, Travis filed a *pro se* PCRA petition.  On January 23, 2014, the PCRA court issued notice of its intent to dismiss Travis's

---

[*] Retired Senior Judge assigned to the Superior Court.
[1] 42 Pa.C.S §§ 9541 *et seq*.

petition without a hearing for failure to state a cognizable claim under the PCRA. On February 11, 2014, the court issued a final order dismissing Travis's petition. This timely appeal followed.

Preliminarily, we note that the failure to appoint counsel to assist an indigent, first-time PCRA petitioner is manifest error. The Rules of Criminal Procedure clearly require the appointment of counsel. **See** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."). This principle has been reinforced in appellate court decisions on many occasions, and the cases have required the appointment of counsel where the initial *pro se* petition is seemingly wholly without merit, **Commonwealth v. Kaufmann**, 592 A.2d 691 (Pa. Super. 1991), where the petition is untimely filed, **Commonwealth v. Smith**, 818 A.2d 494 (Pa. 2003), and where the petitioner has not requested appointment of counsel, **Commonwealth v. Guthrie**, 749 A.2d 502 (Pa. Super. 2000).

Instantly, the record is devoid of any indication that Travis was advised of his right to counsel or that he requested to proceed *pro se.* Therefore, because this is Travis's first PCRA petition, the PCRA court should have appointed counsel to assist him in the prosecution of this petition. Accordingly, we are constrained to vacate the order entered below and remand for the appointment of counsel.

Order vacated. Case remanded for the appointment of counsel and further proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014