J-S46039-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| OMAR M. SHELTON, | : | |
| | : | |
| Appellant | : | No.  2921 EDA 2015 |

Appeal from the PCRA Order August 17, 2015
in the Court of Common Pleas of Chester County,
Criminal Division, at No(s): CP-15-CR-0000736-2011
CP-15-CR-0002483-2010
CP-15-CR-0002491-2010
CP-15-CR-0002492-2010
CP-15-CR-0002786-2010

BEFORE:    BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED MARCH 01, 2017**

Omar M. Shelton (Appellant) appeals from the order entered on August 17, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 25, 2011, November 3, 2011, and January 8, 2013, Appellant entered guilty pleas at all five above-captioned case numbers and was sentenced to various terms of incarceration, which he is currently serving.  No direct appeals were filed.  On October 28, 2013, Appellant filed *pro se* a motion to modify sentence *nunc pro tunc*.  On January 9, 2014,

_____
*Retired Senior Judge assigned to the Superior Court.

J-S46039-16

following a hearing, Appellant withdrew his motion. The court entered an order to that effect on the same day.[1]

On August 8, 2014, Appellant filed the instant PCRA petition and counsel was appointed. On September 18, 2014, counsel moved to withdraw his appearance pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On October 27, 2014, Appellant filed an answer to counsel's petition to withdraw. On May 26, 2015, the PCRA court issued its notice of intent to dismiss. Appellant did not file a response. On August 17, 2015, the PCRA court dismissed Appellant's petition as untimely and permitted counsel to

---

[1] It is clear that the PCRA court erred in not treating this filing as a PCRA petition.

> Generally, a filing that raises issues with respect to remedies offered under the PCRA will be considered a PCRA petition. A prayer for relief, however, which does not fall within the remedies afforded by the PCRA will not constitute a PCRA petition. Thus, the initial question in a collateral filing is whether the petitioner has an available remedy under the PCRA.

*Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa. Super. 2001) (citations omitted). In his October 28, 2013 motion, Appellant raised legality-of-sentence claims cognizable under the PCRA. *See Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (untimely motion to modify illegal sentence treated as PCRA petition, since issues relating to legality of sentence are cognizable under PCRA). Accordingly, the PCRA court erred in not treating this filing as a timely first PCRA petition and appointing counsel. However, the remedy for this error is to appoint counsel for the subsequent PCRA petition, which was done here. *See e.g. Commonwealth v. Davis*, 563 A.2d 932 (Pa. Super. 1989).

withdraw. This *pro se* appeal followed.[2] The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b) and none was filed; however, the court did file a 1925(a) opinion.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment of sentence becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." *Chester*, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has

---

[2] Appellant's notice of appeal was received by the trial court one day after the September 17, 2015 filing deadline. The envelope in which the notice was mailed was not date stamped by the post office or the clerk of courts; however, Appellant dated his notice "September 11, 2015." Appellant's Notice of Appeal. Because Appellant was incarcerated at the time his notice of appeal was filed, we may assume that Appellant placed it in the hands of prison authorities on or before September 17, 2015. Thus, we hold that his notice of appeal is timely-filed under the prisoner mailbox rule. *See* *Commonwealth v. Patterson*, 931 A.2d 710 (Pa. Super. 2007) (holding that even without a postmark definitively noting the date of mailing, this Court may find an incarcerated appellant's filing timely where the date of receipt indicates that appellant placed the document in the hands of prison authorities in advance of the applicable filing deadline).

- 3 -

jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

Because he did not take a direct appeal from the judgment of sentence imposed at any of his five docket numbers, Appellant's judgments of sentence became final on November 24, 2011 (2786-2010 and 2483-2010) and February 7, 2013 (736-2011, 2491-2010 and 2492-2010). Accordingly, Appellant had until November 24, 2012 and February 7, 2014, in order to file timely PCRA petitions.

Appellant filed the PCRA petition at issue in this case on August 18, 2014. Because this filing was untimely under any docket number, he had the burden of pleading and offering to prove one of the following exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, he was required to show that the petition was "filed within 60 days of the date the claim could have been

- 4 -

presented." 42 Pa.C.S. § 9545(b)(2). This is true even where, as here, Appellant's petition presents a legality-of-sentence claim. **See Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) ("[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition. Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.") (citations omitted).

Because Appellant has not pled or proven one of the aforementioned exceptions, we agree with the PCRA court's conclusion that Appellant's August 18, 2014 petition was untimely filed. Finding no error on the part of the PCRA court, we affirm the court's order.[3]

Order affirmed.

---

[3] On August 4, 2016, the panel filed a memorandum affirming the PCRA court's order. On August 18, 2016, Appellant filed a motion for reconsideration claiming, *inter alia*, that this panel's August 4 decision conflicted with that of Appellant's co-defendant at 2820 EDA 2015. On September 26, 2016, we granted panel reconsideration and withdrew our previously filed memorandum. Upon reconsideration, we have determined that the procedural posture of Appellant's case is different from that of his co-defendant because his co-defendant's second PCRA petition was timely-filed. Therefore, after reconsideration, we reach the same result.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 3/1/2017