J-S61022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ROBERT VANGIESON :
:
Appellant : No. 1356 EDA 2018

Appeal from the PCRA Order April 17, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002841-2012

BEFORE: BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY BOWES, J.: **FILED NOVEMBER 29, 2018**

Robert Vangieson appeals, *pro se* and *in forma pauperis* ("IFP"), from

the order that dismissed his petition for a writ of *habeas corpus* as an untimely

petition for relief under the Post Conviction Relief Act ("PCRA"). We vacate

the order and remand for further proceedings consistent with this

memorandum.

The PCRA court summarized the history of this case as follows.

On March 20, 2013, Appellant pleaded guilty to simple
assault and terroristic threats. On June 6, 2013, Appellant was
sentenced to 12 to 24 months for simple assault and 12 to 24
months for terroristic threats. Said sentences were run
consecutive to a sentence Appellant was serving on a
Northampton County case for an aggregate term of 74 to 150
months. Appellant received a time credit of 16 days. Appellant
did not file post-sentence motions or a direct appeal of his
sentence.

On August 18, 2016, Appellant filed his first, *pro se* "Motion
for Time Credit." On August 26, 2016, said motion was denied by
order of th[e trial] court, stating Appellant's time credit had been

correctly calculated and th[e trial] court was without jurisdiction to modify Appellant's sentence as said motion was untimely. . . . Appellant did not appeal [the] decision.

On March 23, 2018, Appellant filed his second, *pro se* "Motion for Time Credit" and an accompanying "Petition for *Habeas Corpus* Relief." We treated said motion and petition as a petition for [PCRA relief] . . . . Accordingly, as Appellant's PCRA petition was untimely, we issued a notice of intent to dismiss without hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on March 28, 2018.

On April 6, 2018, Appellant filed a response to our notice of intent to dismiss. However, Appellant not having presented any new or additional information to the court in his response that would overcome the jurisdictional timeliness requirements of a PCRA [petition], [the court] denied Appellant's petition by order dated April 17, 2018.

PCRA Court Opinion, 5/24/18, at 1-2 (unnecessary capitalization omitted).

Appellant filed a timely notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant presents two questions on appeal:

I.    Did the court below err as a matter of law when it converted Appellant's motion for time served into a PCRA petition?

II.   Did the court below err as a matter of law when it failed to grant Appellant the proper credit for time served?

Appellant's brief at 4 (unnecessary capitalization omitted).

We begin our review with an examination of the applicable law. The first principle of note is that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, to the extent a remedy is available under such enactment." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007). Indeed, "any motion filed after the finality of a sentence that raises an issue

that can be addressed under the PCRA is to be treated as a PCRA petition."

***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa.Super. 2013). "An appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence. Issues concerning the legality of sentence are cognizable under the PCRA."[1] ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa.Super. 2004) (citations omitted). Accordingly, Appellant's first motion for time credit filed in 2016 should have been treated as his first PCRA petition, and his 2018 *habeas corpus* petition/time credit motion should have been treated as his second PCRA petition.[2]

The second relevant rule of law is that a PCRA petitioner is entitled to the assistance of counsel in litigating his first petition. ***Commonwealth v. Roane***, 142 A.3d 79, 100 (Pa.Super. 2016). Hence, "before the trial court disposes of a post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." ***Commonwealth***

---

[1] This is to be contrasted with a claim that the Department of Corrections made an error in applying court-ordered time credit to a sentence, which is addressed by an action brought in the Commonwealth court rather than through the PCRA. ***See***, ***e.g.***, ***Commonwealth v. Heredia***, 97 A.3d 392, 394-95 (Pa.Super. 2014).

[2] It appears that the PCRA court recognized this, as its Rule 1925(a) statement authored for this appeal includes "SECOND PCRA PETITION APPEAL" in its caption.

***v. Hampton***, 718 A.2d 1250, 1253 (Pa.Super. 1998) (internal quotation marks and emphasis omitted). Further, if an indigent PCRA petitioner's first petition was adjudicated without counsel having been appointed, he is entitled to appointed counsel in his subsequent PCRA proceeding. ***See Commonwealth v. Davis***, 563 A.2d 932, 933 (Pa.Super. 1989).

Third, although Appellant does not challenge the denial of his right to counsel, this Court has held that "where an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right—this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).

Finally, the apparent untimeliness of a petition does not render harmless the failure to appoint counsel. ***See, e.g., Commonwealth v. Smith***, 818 A.2d 494, 501 (Pa. 2003) ("[A]n indigent petitioner, whose first PCRA appears untimely, is entitled to the assistance of counsel in order to determine whether any of the exceptions to the one-year time limitation appl[ies]."); ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1262 (Pa.Super. 2001) (holding it was error to dismiss the PCRA petition before appointing counsel, "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented").

Both Appellant's first and second motions for time credit were dismissed without the appointment counsel or a determination of his financial status.

According to the trial court docket, Appellant has been incarcerated since at least January 2014. He is proceeding IFP on this appeal. Thus, it appears that Appellant is indigent and has not yet been offered the assistance of counsel to pursue his PCRA claims. Therefore, because "[t]he denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel," *Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1998), remand is necessary for appointment of counsel to assist Appellant in litigating his petition.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/18

- 5 -